UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MARK SALAZAR, | CASE NO. C17-1770JLR |
| Petitioner, | ORDER DENYING PETITION TO SET ASIDE, VACATE, OR CORRECT SENTENCE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.   INTRODUCTION

Before the court is Petitioner Andrew Mark Salazar's 28 U.S.C. § 2255 petition to set aside, vacate, or correct his sentence.  (Pet. (Dkt. # 1).)  In support of his petition, Mr. Salazar asserts (1) the trial court imposed a sentence in excess of the legal maximum; (2) the trial court imposed unconstitutional enhancements to his sentence; and (3) prosecutorial misconduct.  (*See id.* at 2.)  Respondent United States of America ("the Government") opposes Mr. Salazar's petition.  (*See* Resp. (Dkt. # 7).)  For the reasons

1  stated below, the court DENIES Mr. Salazar's petition and this matter is DISMISSED

2  with prejudice.

3  ## II.    BACKGROUND

4         On January 28, 2015, the grand jury returned a superseding indictment charging

5  Mr. Salazar with producing visual depictions of minors engaged in sexually explicit

6  conduct and receiving and possessing visual depictions of minors engaged in sexually

7  explicit conduct in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(2), and

8  2252(a)(4).  *See United States v. Salazar*, No. CR14-0275JLR-1 (W.D. Wash.), Dkt. # 1.

9  On April 13, 2015, Mr. Salazar pleaded guilty to two counts of possession and receipt of

10  visual depictions of minors engaged in sexually explicit conduct in exchange for the

11  dismissal of a count of production of visual depictions of minors engaged in sexually

12  explicit conduct.  (*See id.*, Dkt. ## 44, 45.)  On August 3, 2015, this court sentenced Mr.

13  Salazar to 238 months imprisonment to be followed by lifetime supervision.  (*Id.*, Dkt.

14  # 59.)  Mr. Salazar's sentence fell 22 months short of the high end of the agreed upon

15  recommendation range detailed in the Plea Agreement.  (*See id.*, Dkt. ## 10, 59.)  Mr.

16  Salazar did not appeal his sentence or convictions.  (*See generally id.*)  Mr. Salazar filed

17  his present motion on November 22, 2017.  (*See id.*, Dkt. # 66; *see also* Pet.)  The

18  Government timely opposed his petition.  (*See* Resp.)  The court now considers Mr.

19  Salazar's petition.[1]

20

21

22
___

[1] The court is not required to hold an evidentiary hearing on Mr. Salzar's petition because there are no factual disputes and the record conclusively shows that he is not entitled to relief. *See United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000).

ORDER - 2

# III.    ANALYSIS

The court denies Mr. Salazar's petition on three procedural grounds:  (1) his petition is time barred; (2) his petition is barred because he failed to file a direct appeal; and (3) his petition is barred by the appeal waiver in his plea agreement that prohibits collateral attacks on his sentence.  In addition, the court also denies Mr. Salazar's petition because his claims lack merit.

## A.    Expiration of the Statute of Limitations

A one-year statute of limitations ordinarily applies to 28 U.S.C. § 2255 petitions. *See* 28 U.S.C. § 2255(f).  The one-year statutory period can be triggered by four different events, but in Mr. Salazar's case it was triggered when his judgment of conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  Because Mr. Salazar did not file a direct appeal, his conviction became final "upon the expiration of the time during which [he] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).  Mr. Salazar's judgment of conviction became final on August 17, 2015, fourteen days after the entry of the judgment on August 3, 2015.  *See Salazar*, No. CR14-0275JLR-1, Dkt. # 59.  Mr. Salazar did not file his 28 U.S.C. § 2255 petition until November 22, 2017.  (*See id.*, Dkt. # 66; *see also* Pet.)  Thus, Mr. Salazar filed the motion over fifteen months after the statute of limitations expired.

In order to avoid the dismissal of his petition on statute of limitations grounds, Mr. Salazar must demonstrate "cause" for his procedural default or "some objective factor external to the defense" that impeded his adherence to the procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also United States v. Skurdal*, 341 F.3d 921, 925

1 (9th Cir. 2003).   The Supreme Court has also stated that "cause" for failure to raise an

2 issue exists "where a constitutional claim is so novel that its legal basis is not reasonably

3 available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).  Mr. Salazar's constitutional

4 claims are not novel.  (*See generally* Pet.)  Mr. Salazar also does not offer any argument

5 about how any external factor impeded his ability to adhere to the statute of limitations.

6 (*See generally id.*)  Accordingly, the court denies Mr. Salazar's petition due to the

7 expiration of the statute of limitations.

8 **B.    Failure to File a Direct Appeal**

9         Mr. Salazar's claims are also barred because he failed to raise them on a direct

10 appeal.  A defendant may not raise a claim on collateral review that was not raised on

11 direct appeal unless the defendant shows both (1) cause excusing the procedural default,

12 and (2) actual prejudice from the claim of error.  *United States v. Johnson*, 988 F.2d 941,

13 945 (9th Cir. 1993).  Mr. Salazar has made neither showing.  Indeed, he received a

14 sentence below the top of the range expressly agreed to in his plea agreement.  *See*

15 *Salazar*, No. CR14-0275JLR-1, Dkt. # 45.  Accordingly, the court also denies Mr.

16 Salazar's petition on this ground.

17 **C.    Waiver of Appeal or Collateral Attack**

18         Mr. Salazar's petition is also barred by the appeal waiver in his plea agreement,

19 which includes a waiver of the right to bring a collateral attack against his conviction and

20 sentence except as it may relate to the effectiveness of his legal representation.  (*See id.*)

21 Although he alleges prosecutorial misconduct, nowhere in his petition does Mr. Salazar

22 allege ineffectiveness of counsel.  (*See generally* Pet.)  Statutory rights of appeal or

1  collateral attack may be waived by a criminal defendant in a valid plea agreement.

2  *United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009) (citing *United States v.*

3  *Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)); *United States v. Navarro-Botello*, 912

4  F.2d 318, 321 (9th Cir. 1990). Thus, the court denies Mr. Salazar's petition on this

5  ground as well.

6  **D.    Conclusory Allegations**

7         In addition to the procedural bars, Mr. Salazar's claims are meritless.  Indeed, Mr.

8  Salazar provides nothing but generalized allegations in support of his contentions that his

9  sentence was in excess of the maximum authorized by law, involved the imposition of

10  unconstitutional enhancements, and was the result of prosecutorial misconduct.  (*See*

11  *generally* Pet.)  Such conclusory allegations—unsupported by a statement of specific

12  facts—do not warrant *habeas corpus* relief.  *James v. Borg*, 24 F.3d 20, 26 (9th Cir.

13  1994) (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)).  Accordingly,

14  the court also denies Mr. Salazar's petition on this basis.

15                          **IV.    CONCLUSION**

16         Mr. Salazar's petition is procedurally barred because the statutory limitations

17  period has expired, Mr. Salazar failed to file a direct appeal, and Mr. Salazar waived any

18  collateral attack to his sentence and conviction in plea agreement.  In addition, Mr.

19  Salazar's substantive claims are long on unsupported and generalized allegations, and as

20  such, they do not warrant habeas corpus relief.  For all of these reasons, the court

21  //

22  //

1    DENIES Mr. Salazar's 28 U.S.C. § 2255 petition and DISMISSES this action with

2    prejudice.

3         Dated this 10th day of April, 2018.

4

5

6                                          JAMES L. ROBART
                                           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22